STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Appeal of Ben Kernan | } | Docket No. 121-6-00 Vtec |
| | } | |

<u>Decision and Order on Motion for Permission to take Interlocutory Appeal</u>

Appellant appealed from a decision of the Planning Commission of the City of Burlington granting a Certificate of Appropriateness to Main Street Landing Company for a project at 50 Lake Street.  Appellant is represented by Carl H. Lisman, Esq.; Appellee Main Street Landing Company is represented by Gordon C. Gebauer, Esq.; Interested person Jack Long, Esq., an attorney, has appeared and represents himself;  the City is represented by Kimberlee J. Sturtevant, Esq.

The Court denied Appellee-Applicant's motion to dismiss the appeal for lack of party status on the part of Mr. Kernan.  The Court ruled on the basis of the statutory language in and apparent statutory scheme of 24 V.S.A. Chapter 117, and not on the basis of the legal theory of exhaustion of administrative remedies, because an appeal to court from a decision of a municipal zoning board or planning commission differs from an appeal to court from a state administrative body.  State administrative agencies and boards are charged in the first instance with the interpretation of the state statutes under which they operate, while the municipal zoning boards and planning commissions are not.

Appellee-Applicant has now moved pursuant to V.R.A.P. 5(b) for permission to take an interlocutory appeal of that order.  Neither Appellant Kernan nor Interested Person Long has opposed the motion for interlocutory appeal filed on November 6, 2000.  Appellee-Applicant has also moved to strike Questions 1, 2, 4 and 5 of the Statement of Questions.  Its amended motion was filed on November 17, 2000; responsive memoranda are therefore due to be filed tomorrow, December 5, 2000, at the latest.  Accordingly, we will not rule on that motion in the present order.

The decision meets the standards for a V.R.A.P. 5(b) interlocutory appeal, as the question of whether Appellant has standing to appeal is a controlling question of law as to which there is substantial ground for difference of opinion.  If Appellant lacks standing, an

1

immediate appeal would conclude the case and would therefore materially advance the termination of the litigation.

However, the decision also meets the standards for a V.R.A.P. 5.1 collateral final order appeal because the ruling conclusively determines the disputed question of Appellant's standing and resolves that important issue completely separate from the merits of the action. Moreover, the issue of Appellant's standing could be effectively unreviewable on appeal from a final judgment, if the final judgment is in Appellee-Applicant's favor. If a V.R.A.P. 5.1 collateral final order appeal were taken, it would not divest this court of jurisdiction of the remainder of the action.

Accordingly, permission to take either a V.R.A.P. 5(b) interlocutory appeal or a V.R.A.P. 5.1 collateral final order appeal is GRANTED. By or before 11 a.m. on Thursday, December 7, 2000, Appellee-Applicant shall elect one or the other of these two routes of appeal, and shall inform the other parties. We will hold a telephone conference at noon on December 7, 2000, to discuss whether the Supreme Court appeal will proceed under V.R.A.P. 5.1(a), so that the Motion to Strike and the merits of the appeal in Environmental Court will proceed during the appeal of the standing issue, or whether the Environmental Court proceedings should be held in abeyance during a V.R.A.P. 5 interlocutory appeal. As the Environmental Court can accommodate only three telephone lines, we ask that Mr. Long go to Mr. Lisman's office to participate together from one telephone. Because of the short time frames, we will fax this decision to the parties, as well as sending it out by mail.

We note for the parties' information that, if the matter does proceed in Environmental Court during a V.R.A.P. 5.1 appeal, the Court will rule on the Motion to Strike by Monday, December 11, 2000. The merits of any issues remaining after that motion is decided will be heard on January 4, 2001, beginning at 9 a.m. at the Costello Courthouse on Cherry Street in Burlington. The parties are requested to have all exhibits marked in advance of the hearing and to have discussed and to be prepared to report to the Court at the outset of the hearing as to which of those exhibits (including a copy of the Zoning Ordinance) are agreed.

Done at Barre, Vermont, this 4th day of December, 2000.

_____
Merideth Wright
Environmental Judge